**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAYANTIBHAI PATEL; PRAVIN L. PATEL; DAKSHA PATEL,

Plaintiffs-counter-
defendants-Appellants,

and

DIPAK L. PATEL,

Plaintiff-counter-
defendant,

v.

CITY OF LONG BEACH, a municipal corporation; ASHLEY WIEGELMAN,

Defendants-counter-
claimants-Appellees.

No. 19-55646

D.C. No.
2:17-cv-08510-AB-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

———————

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,*** District Judge.

Jayantibhai Patel, Pravin Patel, and Daksha Patel ("Appellants") appeal the district court's summary judgment in favor of the City of Long Beach ("the City") and Ashley Wiegelman on Appellants' claims under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978), for violations of the First and Fourteenth Amendments. Appellants argue that the district court erred in granting summary judgment because there are genuine issues of material fact as to whether the City's enforcement actions against Appellants' business, the Princess Inn Motel, violated their constitutional rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

I.      **Appellants' First Amendment claim fails because Appellants do not raise a genuine issue of material fact as to whether the City retaliated against them.**

Appellants assert that the City issued them fines in retaliation for Appellants winning a prior civil rights case against the City. To establish a First Amendment retaliation claim:

---

***      The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

[1] In addition to the arguments discussed herein, the parties raised arguments regarding qualified immunity and *Monell*. *See Monell*, 436 U.S. at 695. We need not address these arguments as Appellants fail to raise any triable issue of fact regarding the alleged constitutional deprivations.

2

[A] plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.

*O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)) (alteration in original).

Here, the inquiry focuses on the third prong as the first and second prongs were not in dispute. To determine whether Appellants' previous case was a substantial or motivating factor in the citations, Appellants must: (1) show proximity in time between Appellants' civil rights case and the citations, (2) produce evidence that the City opposed their speech; and (3) demonstrate that the City's explanation for the administrative citations was false and pretextual. *See Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929 (9th Cir. 2004).

Appellants do not establish a temporal nexus between the civil rights suit and the City's administrative citations. In this instance, Appellants received a decision in their favor in 2013 and that decision was affirmed by the United States Supreme Court in June of 2015. The City issued its first Notice of Violation in 2017, and Appellants received their first administrative citation with a monetary penalty in November of 2017. There is a more than two-year gap between Appellants' civil rights suit victory and any allegedly retaliatory actions taken by the City. Appellants do not present any evidence to support their assertion of retaliation in light of this

3

two-year gap in time. We have specifically held that a two-year gap is too attenuated to establish temporal proximity. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 752 (9th Cir. 2001).

Moreover, Appellants fail to demonstrate that the City's explanation for the administrative citations was false or pretextual. *See Alpha Energy*, 381 F.3d at 929. Appellants acknowledge that they have been operating the Princess Inn without a business license. Appellants do not proffer any evidence to suggest that the City issued administrative citations for any other reason besides the lack of a valid business license.

## II. Appellants' procedural due process claim fails because the City's procedures are constitutional under the *Mathews* balancing test.

Next, Appellants assert that their constitutional right to procedural due process was violated by the City's requirement that they deposit the amount of their fines prior to receiving a hearing.

To establish a Fourteenth Amendment due process violation, courts employ a three-factor test. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). First, courts must determine the private interest to be affected. *Id*. Second, courts should consider the risk of an erroneous deprivation of the private interest through the procedures used. *Id*. Finally, courts should consider the government's interest, including fiscal and administrative burdens. *Id*.

We have explicitly endorsed a post-deprivation hearing "when countervailing interests require it." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998). In this instance, the procedure that is allegedly harming Appellants, the requirement that they deposit the amount of their fines with the City prior to receiving a hearing, satisfies the *Mathews* test.

Appellants' private interest at stake is their loss of money. The risk of an erroneous deprivation is nominal because the money would be held with the City pending the hearing decision and released to the prevailing party. Additionally, the City only requires that Appellants deposit the amount of the fines they wish to appeal. Furthermore, regardless of the amount of fines owed, the City offers fee waivers as an exception for those who cannot afford to comply with the deposit requirement. Appellants have not sought a fee waiver, nor have they established the risk of an erroneous deprivation.

Finally, the facts of this case weigh in favor of the government's interests. Appellants' fines began as warnings with no penalty. As Appellants maintained their non-compliance with the City's Municipal Code, the warnings escalated into small fines. These small fines eventually culminated in thousands of dollars of fines due to Appellants' continued non-compliance. Appellants created the burden to their private interest by allowing their business license to lapse and exacerbated the burden by continuing unlicensed business operations over several years. Appellants

5

fail to show how these procedures are unconstitutional under *Mathews*. Consequently, Appellants' assertion that the City's post-deprivation hearing procedures are unconstitutional fails.

### III. Appellants' equal protection claim fails because Appellants cannot establish any differential treatment.

Next, Appellants assert that the City violated their equal protection rights by treating Appellants differently than other similarly situated persons. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (per curiam).

In this instance, Appellants contend that the City irrationally targeted them with excessive fines and administrative citations. However, there is no evidence in the record to support Appellants' position.

Appellants operated the Princess Inn without a license for nearly ten years. Appellants applied for business licenses when they initially opened their business and several other times throughout the course of these events. Appellants knew they needed a valid business license to operate the Princess Inn. Nonetheless, they continued to operate their motel without one. Appellants fail to present any evidence that the City treated another similarly situated unlicensed business differently. Moreover, Appellants fail to establish that the City lacked a rational basis for its enforcement actions. *See id.* The City targeted the Princess Inn because it was operating without a license.

**AFFIRMED.**